(109 So. 525)

### STEPHENS v. STATE.    (7 Div. 207.)

(Court of Appeals of Alabama.   Aug. 31, 1926.)

**1. Automobiles ⬥359.**

Where state amended indictment for larceny of automobile to charge using automobile on highway without owner's consent, charge of larceny was eliminated, and on verdict of "guilty as charged in indictment," sentence to imprisonment in penitentiary was error, under Code 1923, § 4913.

**2. Criminal law ⬥1182.**

Where judgment of conviction is erroneous only as to sentence imposed, it will be affirmed and remanded for proper sentence.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Willie Stephens was convicted of an offense, and he appeals. Affirmed and remanded for proper sentence.

C. A. Wolfes, of Ft. Payne, for appellant.

Counsel discusses the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Counsel argue for an affirmance, but without citation of authorities.

RICE, J. [1] The record shows an indictment charging the defendant with the larceny of an automobile of the value of $500. It further shows that the state, with the consent of the defendant, amended the indictment "to read as follows," setting forth a charge of using the automobile upon the public highway without the consent of the owner.

It is not disputed that the defendant, a youth of 17, took the car from the place where the owner had left it and drove it off. It appears that in something like an hour defendant drove back to or near to the point from which he started. By this time the taking of the car had been discovered, and the owner and an officer were on the lookout for it when defendant drove up. Being cornered defendant left the car and ran. The next day he was arrested. As above indicated, the defendant did not deny taking the car, but did deny any intent to steal it. He testified that he had merely wanted to take a ride and was in the act of returning the car when he was surprised by the owner and the officer.

The jury returned a verdict of guilty "as charged in the indictment," and the trial court rendered a judgment thereon, adjudging defendant to be guilty "as charged in the indictment." Thereafter the court sentenced the defendant to an indeterminate term of imprisonment in the penitentiary.

The amendment by the state eliminated the charge of grand larceny. The sentence to imprisonment in the penitentiary was unauthorized. Section 4913 of the Code fixes the punishment for the unauthorized use of the vehicle of another by fine of not more than $100 or hard labor for the county for not more than 6 months, one or both.

[2] The judgment of guilt will be affirmed, but the cause will be remanded for sentence in accordance with the statute.

Judgment affirmed; remanded for proper sentence.